UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| LITA FILIPPO, | ) |
| | ) |
| Plaintiff, | ) |
| | )   NO. 2:05 CV 64 |
| v. | ) |
| | ) |
| LEE PUBLICATIONS, INC., | ) |
| a subsidiary of Lee Enterprises, | ) |
| d/b/a THE TIMES, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

Plaintiff Filippo commenced this action on January 21, 2005, against defendant newspaper publisher Lee Publications, alleging that defendant published defamatory statements in its publication, *The Times,* that damaged plaintiff's reputation and placed her in a false light, in violation of Indiana law. The complaint alleges that between January 28, 2003, and August 30, 2004, *The Times* ran numerous articles regarding plaintiff's misdemeanor charge, which included statements describing plaintiff as, amongst other things, "a 'drunk,' a person with 'no credibility,' [and] one in need of 'professional help.' " (Compl. ¶¶ 4, 6).

On February 25, 2005, defendant moved to dismiss this action pursuant to FED.R.CIV.P. 12(b)(6), claiming the following two grounds for dismissal: (1) the complaint is deficient on its face for failure to specify the number, context, or precise

dates of the alleged defamatory statements; and (2) the plaintiff failed to plead satisfaction of a condition precedent to bringing suit, namely a legally sufficient retraction demand, as required by IND. CODE 34-15-4-2. Plaintiff failed to file a response. Defendant's motion is therefore subject to summary ruling under LOCAL R. 7.1(a).

A complaint will be dismissed pursuant to FED.R.CIV.P. 12(b)(6) for failure to state a claim only if, after assuming all factual allegations as true and drawing all reasonable inferences in the plaintiff's favor, there is no set of facts consistent with the allegations of the complaint that could be proved which would entitle the plaintiff to relief. *Brown v. Budz,* 398 F.3d 904, 908-09 (7th Cir. 2005). For the reasons set forth below, the court finds both of defendant's arguments to be without merit, and the motion to dismiss is denied.

Defendant first argues that the complaint is deficient on its face for failure to specify the number, context, or precise dates of the alleged defamatory statements, and therefore is "defective as a matter of simple pleading law," citing several Indiana cases and an Indiana statute in support of its contention. (Def.'s Mem. Supp. Mot. to Dismiss, at 4). These Indiana cases and statutes describe the nuances of proving liability and recovering damages in a defamation claim on the merits, and do not speak to the issue of the adequacy of the pleadings. Further, even if the cited sources did describe the procedural requirements for complaints in Indiana, the United States Supreme Court has made clear that in diversity cases, "federal courts are to apply state substantive law and federal procedural law." *Hanna v. Plumer*, 380 U.S. 460, 465, 85 S. Ct. 1136, 1141

2

(1965); *see also Muzikowski v. Paramount Pictures Corp.,* 322 F.3d 918, 926 (7th Cir. 2003) (even if state had heightened pleading requirement for defamation claims, plaintiff need only satisfy notice pleading requirements of Rule 8).

Under the FEDERAL RULES OF CIVIL PROCEDURE, a plaintiff is not required to set out detailed facts upon which she bases her claim. " 'To the contrary, all the Rules require is 'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.' " *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 168, 113 S. Ct. 1160, 1163 (1993) (quoting *Conley v. Gibson,* 355 U.S. 41, 47, 78 S. Ct. 99, 103 (1957)). Plaintiff's complaint meets this standard. Plaintiff alleges that through its publication, *The Times,* defendant published numerous articles containing defamatory statements from January 28, 2003, through August 30, 2004. (Compl. ¶ 4). The complaint further provides a list of specific quotations from the newspaper allegedly published during this time period. (Compl. ¶ 6). These allegations provide both the court and defendant with fair notice of the nature of plaintiff's claim.

Defendant argues that *Perry v. Hartz Mountain Corp.*, 537 F. Supp. 1387, 1391 (S.D. Ind. 1982), is analogous to the case at hand and warrants its dismissal. In *Perry*, the plaintiff alleged that his employer made a statement that the plaintiff was "fired for stealing." *Id.* The court held that such an allegation gave "no indiction as to when, where, or to whom the statement was made," a flaw that would fail to "ensure that a defendant is given a clear idea of the allegations made against him and that the

3

relevance of threshold questions such as those involving statutes of limitations and conflict of laws may be evaluated." *Id.* Plaintiff's complaint, however, provides a list of allegedly defamatory quotations and a window of time in which the quotations appeared in *The Times.* (Compl. ¶¶ 4, 6). These allegations provide the court and defendant notice of the crux of plaintiff's case and allow defendant to formulate a responsive pleading, including any affirmative defense based on the statute of limitations. The complaint alleges "enough to allow the court and the defendant to understand the gravamen of the plaintiff's complaint," and is therefore sufficient to survive a motion to dismiss. *McCormick v. City of Chicago,* 230 F.3d 319, 323-24 (7th Cir. 2000) (internal quotations omitted).

Defendant's second argument is that plaintiff has failed to plead that she sent a legally sufficient retraction demand in satisfaction of a condition precedent to filing suit under Indiana law. The first statutory provision at issue, IND. CODE 34-15-4-2 (the "notice provision"), provides that before bringing a suit against a newspaper publisher, an aggrieved party "shall . . . serve notice in writing specifying the factual statements in the article that are alleged to be false and defamatory, and correcting the falsity of the statements by reference to the true facts." Then, according to the next section of the statute, 34-15-4-3 (the "mitigation provision"), once the publisher receives this notice and complies by printing a retraction, "the plaintiff . . . may recover only actual damages," so long as the publication was in good faith, the falsity was due to mistake, and a full, fair, and conspicuous retraction is published within the time required.

4

The issue in this case is whether these provisions establish a condition precedent or simply a limitation on damages. The statute does not specifically address the legal significance of the notice provision, and neither the Indiana Supreme Court nor the state's appellate courts have resolved this issue. The opinion of this court is that the Supreme Court of Indiana, if faced with this question, would hold that the notice provision is part of a statutory unit regarding damages, not a condition precedent to the substantive right of action.

The Seventh Circuit Court of Appeals' decision in *Estill v. Hearst Publishing Co.*, 186 F.2d 1017 (7th Cir. 1951), is controlling on this issue. In that case, the Court held that reliance on compliance with the notice provision as a ground for dismissal is "obviously untenable" because the provision[1] was "not intended to establish a condition precedent to [the plaintiff's] substantive right of action," but rather "contemplates limitation of damages." *Id.* at 1021. The provision related to "a matter for affirmative defense, [and] hence is not ground for dismissal of the action." *Id.*

This outcome is consistent with the language and organization of the statutory provisions themselves. The purpose of 34-15-4-2 is clearly to "serve notice" such that a newspaper may "correct[ ] the falsity of the statements by reference to the true facts."

---

[1] When *Estill* was decided, the statute contained slightly different wording and both the notice and mitigation provisions were lumped together in one paragraph, but the statute was substantively the same as its modern successor. The major difference is that the statute as it existed in 1951 required the retraction demand to be sent three days notice before filing suit, while the modern version requires four or more days, depending on the type of newspaper publisher involved. *See Estill*, 186 F.2d at 1020; IND. CODE 34-15-4-2.

5

IND. CODE 34-15-4-2. If the newspaper complies with this request, it establishes one of three elements of a test which, if fulfilled, limits its liability to actual damages only. IND. CODE 34-15-4-3. If the newspaper does not print a retraction, its liability for damages may extend beyond actual damages. These two provisions appear together, as companions, and are the *only* substantive provisions in the chapter entitled "Defamation Actions Against Newspaper Publishers." This suggests that the Indiana legislature meant for these two provisions to work together and that the notice provision should not be read in isolation.

As read together, the provisions do not alter a plaintiff's right to bring a cause of action or recover actual damages. Instead, these provisions pertain to how a newspaper can reduce its liability for anything *more than* actual damages by publishing a retraction of the defamatory statement upon request. Even with a retraction, the newspaper will still be liable for actual damages. Thus, if a plaintiff were seeking only actual damages, demanding a retraction would prove an "idle and useless ceremony which the legislature cannot be presumed to have contemplated or intended." *Sparagon v. Native Am. Publishers, Inc.,* 542 N.W.2d 125, 134 (S.D. 1996) (holding that nearly identical statute was a damages provision, not a condition precedent to the substantive right of action). Since 34-15-4-2 does not establish a condition precedent to filing suit, plaintiff's failure to plead satisfaction thereof does not warrant dismissal.

For the foregoing reasons, the court **DENIES** defendant's motion to dismiss (docket #4).

**SO ORDERED.**

ENTER: July 15, 2005

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT