```
                    UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF INDIANA
                         HAMMOND DIVISION

LITA FILIPPO,                      )
                                   )
          Plaintiff                )
                                   )
     v.                            )   Case No. 2:05 cv 64
                                   )
LEE PUBLICATIONS, INC., a          )
subsidiary of Lee Enterprises,     )
d/b/a THE TIMES,                   )
                                   )
          Defendant                )
```

REPORT AND RECOMMENDATION

This matter is before the court on the Motion to Compel and For Sanctions filed by the defendant, Lee Publications, Inc., on September 26, 2006 (DE 22, 26) and the Request For Oral Argument filed by the defendant on September 27, 2006 (DE 25). For the reasons set forth below, the motion to compel is **GRANTED IN PART** and **DENIED IN PART**, and it is **RECOMMENDED** that the district court impose sanctions against the plaintiff and her attorney. The defendant's request for oral argument is **DENIED**.

Background

In January 2003, the plaintiff, Lita Filippo, was charged with operating a vehicle while intoxicated. At that time, Filippo was a board member of a non-profit organization dedicated to public education regarding drug and alcohol use. The Times newspaper reported on the incident and continued its coverage throughout the 15-month period leading to Filippo's eventual acquittal of these charges. Through articles, editorials, letters to the editor, and editorial cartoons published by The Times, Filippo alleges that the newspaper maliciously caused injury to

her reputation, both personally and professionally. After her acquittal, Filippo, based on the court's diversity jurisdiction, raised these allegations in a suit against The Times. The current discovery dispute arises from Filippo's response to interrogatories, response to requests for production of documents, and her testimony during the course of two depositions.

With Interrogatory 20, The Times inquired into the existence of any past criminal charges against Filippo:

> Other than your arrest in January 2003 for Driving Under the Influence of Alcohol, have you ever been indicted, accused of a crime, and/or been arrested on any charge?
>
> A. None for the past 10 year (sic).
>
> (Filippo Interrogatories, ¶ 20)

The Times also requested production of "all documents related to any criminal charges, criminal convictions, or criminal investigations concerning you, the Insurance Business, and/or any Other Business Interests." (Request For Production ¶ 25) After reciting that the request was "overbroad, unduly burdensome, irrelevant and immaterial" and invoking the attorney-client privilege, the plaintiff directed The Times to the "publicly available documentation concerning the prosecution, defense, trial and acquittal of the 2003 misdemeanor charge."

After receipt of these responses, but at some time prior to Filippo's first deposition, The Times acquired a copy of a Verified Petition For Issuance Of Hardship License, filed in the Lake County Circuit Court, through which Filippo sought to regain

limited driving privileges following the January 2003 charge. In this petition, Filippo stated that "she has never been convicted of a similar offense or has had a suspended license for a similar reason."

The Times questioned Fillipo on this statement at her April 28, 2006 deposition:

>     Q.    Okay. Was this the first time you had ever had your license suspended?
>
>     A.    Yes, or that I can remember, yes.
>
>                         * * *
>
>     Q.    Have you ever been convicted of a crime?
>
>     A.    Convicted? No.
>
>     Q.    Have you, you have already - have you ever been accused of a crime?
>
>     A.    No.
>
> (Dep. of Filippo, April 28, 2006, pp. 96-97)

The record reveals another Petition for Hardship License filed by Filippo in 1990. In this petition, Filippo stated that on or about November 3, 1989, she received an operating while intoxicated charge and that her driving privileges subsequently were suspended. (Defendant's Ex. E) This document was signed by Filippo and her attorney, who also represents Fillippo in this matter. In addition, the record contains a March 1, 1990 plea agreement in which Filippo, charged with disorderly conduct, criminal trespass, public intoxication, and intimidation, pleaded guilty to criminal trespass. Filippo was fined and sentenced to 180 days in the Lake County Jail, which was suspended upon the

3

completion of six months informal probation. The plea agreement appears to relate to an August 1989 incident which occurred at the Alibi Lounge in Gary, Indiana. The Affidavit For Probable Cause described the incident and relied upon a Butch Schuckers as a witness. The Stipulated Plea Agreement was signed by both Filippo and her current counsel.

The Times claims that the 1990 hardship petition was brought to Filippo's attention during the April 28 deposition, however the excerpted testimony does not make it clear whether the parties were discussing the 2003 petition or this 1990 petition. Filippo also testified at the first deposition that approximately 17 years prior she was beaten at a gas station by a "Mr. Schuckers" but could not remember if that incident resulted in any court proceedings. (Filippo Dep. p. 101) It is not clear whether this gas station incident is distinct from the Alibi Lounge arrest.

During the course of discovery in this matter, Filippo's counsel reported that he had no records or memory of the incident that was referenced in the hardship petition filed in 1990, presumably referencing Filippo's November 3, 1989 operating while intoxicated charge.  Plaintiff's counsel stated that Filippo, however, did authorize the release of Methodist Hospital medical records "from that incident." Again, it is unclear whether this is a reference to a November 3, 1989 OWI, a separate altercation with Mr. Schuckers that took place at a gas station, or finally,

4

Filippo's August 1989 arrest at the Alibi Lounge. Nevertheless, Methodist Hospital had no records.

According to Filippo, the parties agreed that her second deposition would be limited to the subject of lost income damages. At that deposition, counsel for The Times, who had not previously provided copies of the newly discovered Lake County Court records to Filippo's counsel, attempted to question Filippo on these matters. Specifically, The Times questioned whether Filippo had testified truthfully at the earlier deposition. Filippo's attorney objected on the basis that the questions went beyond the agreed scope of the deposition and instructed Filippo not to answer. Fillipo did not answer, and the deposition ended.

The Times now seeks an order compelling further deposition testimony from Filippo, specifically regarding the 1989 arrests. The Times requests that this deposition take place in court. Finally, The Times seeks sanctions.

### Discussion

The Federal Rules of Civil Procedure require that with the initiation of a suit, "a party must, without awaiting a discovery request, provide to other parties . . . a copy . . . of all documents . . . that the disclosing party may use to support its claims or defenses, unless solely for impeachment." Rule 26(a)(1)(B). The rules provide for broad on-going discovery of "any matter, not privileged, that is relevant to the claim or defense of any party." Rule 26(b)(1); ***Meyer v. Southern Pacific Lines***, 199 F.R.D. 610, 612 (N.D. Ill. 2001)("The courts commonly

5

look unfavorably upon significant restrictions placed upon the discovery process."). A party also remains under a duty to supplement or correct discovery disclosures "at appropriate intervals," provided the information "has not otherwise been made known to the other parties." Rule 26(e)(1); *Gutierrez v. AT&T Broadband, LLC*, 382 F.3d 725, 733 (7th Cir. 2004).

The failure to disclose, which includes providing evasive or incomplete answers, is sanctionable and properly remedied by an order compelling discovery. Rules 37(a)(2)(B), (a)(3), (a)(4); *Lucas v. GC Services, L.P.*, 226 F.R.D. 328, 329-330 (N.D. Ind. 2004). The burden to show why a specific discovery request is improper rests upon the objecting party. *Meyer*, 199 F.R.D. at 612. The court has broad discretion when reviewing a discovery dispute and "should independently determine the proper course of discovery based upon the arguments of the parties." *Gile v. United Airlines Inc.*, 95 F.3d 492, 496 (7th Cir. 1996).

Rule 37(a)(4)(A) states that the court shall impose sanctions based upon the costs of seeking a motion to compel. *Stookey v. Teller Training Distributors, Inc.*, 9 F.3d 631, 637 (7th Cir. 1993)("Rule 37(a)(4) clearly allows for an award of the expenses incurred in obtaining an order to compel, including attorney's fees."). Sanctions under Rule 37(a)(4) are appropriate unless the party's nondisclosure was "substantially justified." Rule 37(a)(4)(A). In addition, Rule 37(c)(1) states that a party who fails to disclose, provides false or misleading disclosure, or refuses to admit information required by Rule 26(a) without

6

"substantial justification" may be sanctioned unless such failure was "harmless." See *Musser v. Gentiva Health Services*, 356 F.3d 751, 755 (7th Cir. 2004); *Salgado v. General Motors Corp.*, 150 F.3d 735, 742 (7th Cir. 1998). The trial court has broad discretion to determine whether a violation is justified or harmless. See *David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003).

Fillipo's responses in discovery, and in briefing before this court, are evasive and incomplete to the point of failure. In the interrogatory served on Filippo, she was asked if she ever had been indicted, accused, or arrested. Filippo's answer - not in the last 10 years - is a poor attempt to skirt what ultimately came to light during discovery. The November 3, 1989 OWI, referenced upon a court document signed by Filippo, clearly was a mandatory response to this request. More egregiously, Filippo, by attempting to limit this inquiry to just the past ten years, failed to disclose the charges arising from the Alibi Lounge incident. The court does not accept the suggestion by Filippo and her attorney that the passage of time erased all recollection of being charged with four crimes, pleading guilty to one of them, and being sentenced and fined.

Yet, that is precisely what Filippo has offered in her deposition testimony. "It was 17 years ago and I don't remember everything. I'm sorry. I wish I did." (Filippo Dep. April 28, 2006, p. 101)  The discovery rules, however, placed a burden on Filippo and her attorney that went beyond merely examining their

7

own memories for responsive information. Regarding the 1989 OWI, Filippo's counsel stated that "Plaintiff's counsel advised that he had no records nor memory of that proceeding of 16 years earlier, as such records would have been maintained by the prior law firm counsel had worked at the time." (Filippo Response, p. 1) Based on this statement, clearly Filippo's attorney at least was aware of the possibility that records existed and their likely location. Further, to this date, Filippo has made no effort to disclose this information or acknowledge (or even disavow) its truth. Instead, she has maintained that she forgot the incident and that this subject matter was off limits at her second deposition.

Filippo similarly has refused to address the existence of the March 1990 guilty plea. She repeatedly has referred to it as an "unauthenticated" court record but has developed no argument that the authentication of this document is a material consideration. Filippo is well served by not making the attempt. First, she does not address the Federal Rules of Evidence, which provide that a copy of "a document authorized by law to be recorded or filed and actually recorded or filed in a public office" is presumptively authentic. *See* Rule 902(4). Further, authentication is a condition of admissibility. Rule 901(a). Discovery, on the other hand, is not limited by admissibility. Whether the plea agreement ultimately is admissible is secondary to the fact that, even if it is not, it is the proper subject of discovery.

8

Instead, Filippo takes issue with The Times' failure to disclose the discovery of this information prior to raising it at Filippo's second deposition. Filippo's argument, though not articulated with reference to any law, is presumably based on the requirement that a party supplement discovery with information that has not otherwise been made known to the other party. The court concludes that a criminal defendant is expected to "otherwise know" about her own conviction. The requirements of Rule 26(e)(1) did not impose an obligation on The Times to disclose this information sooner.

Filippo challenges the relevancy of this information, stating that, despite the scope of damages sought in her complaint, she seeks only compensation for lost business. She argues that because she did not begin her insurance business until 1999, and publication by The Times occurred after 2003, Filippo's prior arrests do not establish any relevant prior reputation of plaintiff. However, nothing before the court narrows her claim in this manner. Filippo also has not addressed the fact that, regardless of the nature of damages she seeks, her allegation is that damages flow from injury to her reputation.  Her argument, made without citation to any authority, does not explain the logical basis for arguing that evidence of reputation, in a defamation claim, can be regarded as irrelevant. *See **Journal-Gazette Co., Inc. v. Bandido's, Inc***., 712 N.E.2d 446, 483 n.15 (Ind. 1999) (*quoting* 50 Am. Jur. 2d § 2)("The gravamen or gist of an action for defamation is damage to the plaintiff's reputation. It is

9

reputation which is defamed, reputation which is injured, and reputation which is protected by the law of defamation."); *Doe v. Methodist Hospital*, 690 N.E.2d 681, 687 (Ind. 1997) (*quoting* Francis Ludlow Holt, *The Law of Libel 280* (1818)([I]n truthful defamation "there can be no . . . injurious damage," for "[t]he plaintiff has previously extinguished his own character").

Filippo next argues that "it is patently obvious that defense counsel simply chose upon locating [the stipulated plea agreement] to use it to 'surprise' plaintiff with it at her continued deposition which was agreed to be limited to income damages." (Filippo Resp. p. 4) The court will not entertain the notion that the plaintiff was "surprised" by the knowledge of her own plea agreement. In addition, the defendant's deviation from the purported subject matter of the second deposition is a distraction from the issue placed squarely before the court, specifically Filippo's failure to disclose this information the first instance.

The obligations imposed upon both Filippo and her attorney required much more from each party. This court concludes that, notwithstanding the claims of failed memory invoked by both Filippo and her attorney, their discovery responses belie this claim of ignorance. Before this court, Filippo has abandoned her initial objections to The Times' requests, including the attorney-client privilege, and offered only failed memory in defense of these answers. Her failed memory defense is inadequate and undermined by both Filippo's attempted limit of the

10

interrogatory and the attorney's suggestion that any records at another law firm were exempted from discovery or ceased to be his responsibility. Throughout briefing this matter, Filippo makes little to no effort to challenge the truth or relevance of this information, but continues to defend the failure to disclose it with questionable claims of forgetfulness and laying fault with the defendant for raising it. The court concludes that this pattern of responses was not substantially justified. The court further concludes that withholding such information in a claim alleging defamation is harmful, as described by Rule 37.

The Times filed its motion to compel Filippo's deposition approximately one week before the close of discovery in this case. Further, a summary judgment motion is pending before the district court. Though The Times did not expressly seek an extension of the discovery deadline, the court views its motion to compel Filippo's deposition as implicitly seeking an extension. Accordingly, the court concludes as follows: The Times' motion to compel the deposition of plaintiff Lita Filippo is **GRANTED**. Discovery in this matter is hereby extended solely to accommodate this deposition. This deposition shall take place, if at all, within 30 days of the district court's ruling on the pending motion for summary judgment. This deposition shall not be held in court. The subject matter of this deposition shall include any matter considered relevant under the Federal Rules. The defendant's motion for a hearing is **DENIED**. The court recommends the imposition of sanctions in this matter. *See*

11

*Retired Chicago Police Association v. City of Chicago*, 76 F.3d 856, 859 (7th Cir. 1996).

_____

This court **RECOMMENDS** that the district court impose sanctions upon the plaintiff pursuant to Rule 37(a)(4)(A). The defendant is **DIRECTED** to submit an affidavit detailing these costs. This court also **RECOMMENDS** sanctions against attorney Mark Van Der Molen pursuant to Rule 37(c)(1) and further **RECOMMENDS** that the district court **CERTIFY** this matter to the Disciplinary Committee of the Indiana Supreme Court for their consideration of possible action.

ENTERED this 11th day of December, 2006

                                            s/ ANDREW P. RODOVICH
                                               United States Magistrate Judge