UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| LITA FILIPPO, )  |  |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:05 CV 64 |
| ) | |
| LEE PUBLICATIONS, INC., ) | |
| a subsidiary of Lee Enterprises, ) | |
| d/b/a THE TIMES, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

### I. INTRODUCTION

Plaintiff Lita Filippo was arrested in 2003 for operating a vehicle while intoxicated (OWI). At the time of her arrest, plaintiff served as a director of the Partnership for a Drug Free Lake County, a governmental organization aimed at reducing drug and alcohol use. Thus, her arrest was the subject of several articles and opinion pieces printed in The Times, a Northwest Indiana newspaper. Plaintiff was eventually acquitted of OWI, and filed suit against defendant Lee Publications, Inc., the owner of The Times, claiming that the newspaper had defamed her. After more than two years of litigation, this court granted summary judgment in favor of defendant. *See Filippo v. Lee Publ'n Inc.*, 485 F. Supp. 2d 969 (N.D. Ind. 2007); (DE # 65.) Specifically, the court held that plaintiff's defamation claim concerned a matter of public interest, and thus plaintiff needed to demonstrate some evidence of "actual malice" by defendant to survive summary judgment. *Filippo*, 485 F. Supp. 2d at 974; (DE # 65 at 8-9.) However,

this court held that plaintiff had failed to provide any evidence of actual malice, and thus her defamation claims failed. *Id.* at 977-79; (DE # 65 at 9-19.) This court further held that the editorial pieces commenting on plaintiff's arrest were protected opinions. *Id.* at 979-81; (DE # 65 at 19-25.)

As part of defendant's summary judgment motion, defendant argued that it was entitled to attorney's fees and costs under Indiana's "Anti-SLAPP" Act, IND. CODE § 34-7-7-1 (2006), *et seq.* (DE # 33 at 34-35.) At the conclusion of the court's order granting summary judgment, it requested additional briefing on this issue. *Filippo*, 485 F. Supp. 2d at 982. Defendant then filed a memorandum in support of its claim for attorney's fees and costs under the Anti-SLAPP Act, (DE # 67), plaintiff filed a memorandum in opposition, (DE # 69), and defendant replied. (DE # 70.) The court now DENIES plaintiff's request for attorney's fees and costs under the Anti-SLAPP Act.

## II. DISCUSSION

The Anti-SLAPP Act provides a "good faith" defense to defamation lawsuits that deal with a public issue. *See* IND. CODE § 34-7-7-5. The purpose of the Anti-SLAPP Act and its defense is to "reduce the number of lawsuits brought primarily to chill the valid exercise of the constitutional right of freedom of speech and petition for the redress of grievances . . . ." *Hamilton v. Prewett*, 860 N.E.2d 1234, 1242 (Ind. Ct. App. 2007) (citing *Poulard v. Lauth*, 793 N.E.2d 1120, 1122 n.2 (Ind. Ct. App. 2003)). Indeed, SLAPP stands for "strategic lawsuits against public participation . . . ." *Hamilton*, 860 N.E.2d at 1241. The defense contained within the Anti-SLAPP act is designed to be raised via a

preliminary motion to dismiss, although such a motion is treated like a motion for summary judgment because it involves some limited discovery. *See* IND. CODE § 34-7-7-6; IND. CODE § 34-7-7-9. The Anti-SLAPP Act also allows for defendants who successfully move to dismiss under its provisions to recoup attorney's fees and costs: "[a] prevailing defendant on a motion to dismiss made under this chapter is entitled to recover reasonable attorney's fees and costs." INDIANA CODE § 34-7-7-7. This section is the focus of the court's analysis.

Defendant asserts that the court's summary judgment order shows that it acted in "good faith" and that Filippo's service on the board of a drug and alcohol prevention group made her OWI arrest a public issue, thus it has satisfied the requirements of the Anti-SLAPP Act's defense. (DE # 68.) Since it meets these parameters, and has won summary judgment, defendant argues that it is entitled to attorney's fees and costs available under § 34-7-7-7. (*Id.*)

Plaintiff responds that defendant waived his claim for attorney's fees and costs by failing to raise the Anti-SLAPP Act's defense in a motion to dismiss. (DE # 69 at 1-5.) In support of this argument, plaintiff correctly notes that the Anti-SLAPP Act provides for limited and expedited discovery after a defendant moves to dismiss under its provisions. (*Id.* at 4 (citing IND. CODE § 34-7-7-6).) Plaintiff asserts that had defendant filed an earlier motion to dismiss, both parties could have saved on discovery costs; thus, it would be unfair for defendant to recoup the costs that it ran up by failing to file an earlier motion to dismiss under the Anti-SLAPP Act. (DE # 69 at 4-5.) Plaintiff also

3

claims that defendant cannot rely on the court's holding that there was no actual malice to show good faith, which defendant must affirmatively demonstrate. (*Id.* at 5-6.) Specifically, plaintiff claims that, in its summary judgment order, the court evaluated the sufficiency of the evidence put forth by plaintiff and found no actual malice, but that the defense under the Anti-SLAPP Act requires *defendant* to make an affirmative showing of good faith, which it has not done. (*Id.* at 6.)

In its reply, defendant argues that each of the allegedly defamatory articles and opinion pieces addressed in the court's summary judgment order were "published in good faith with a reasonable basis in law and fact." (DE # 70 at 1-4.) However, defendant cites no additional evidence in support of this claim, but instead points to this court's prior holding of no actual malice and plaintiff's failure to show a lack of good faith. (*Id.*) Defendant also argued that it was appropriate to raise the Anti-SLAPP Act defense via a motion for summary judgment. (*Id.* at 5-6.)

The court finds it unnecessary to resolve whether defendant has demonstrated good faith under the Anti-SLAPP Act, because, based on the plain language of § 34-7-7-7, defendant is unable to recover attorneys' fees and costs. Specifically, the language of the statute, which both parties fail to discuss, only allows for the recouping of costs when a defendant prevails "on a motion to dismiss *made under this chapter* . . . ." Indiana Code § 34-7-7-7 (emphasis added).  Thus, this court understands the Anti-SLAPP Act to mean that only when a defendant wins a motion to dismiss or for summary judgment *based on the Anti-SLAPP Act's affirmative defense,* does that party merit damages under

4

§ 34-7-7-7. Such a successful motion would have made the argument between defendant and plaintiff moot, because the court would have already determined that defendant had shown good faith in granting the motion. That did not happen in this case. That is, defendant's successful motion for summary judgment was not based on the defense provided in the Anti-SLAPP Act, and the court did not address the Anti-SLAPP Act's defense in its summary judgment order.

Defendant devoted the vast majority of its thirty-six page summary judgment motion to arguing that plaintiff's claims failed because she was a public figure or that her arrest was a public issue, and there was no evidence of actual malice in the newspaper's coverage of her arrest. (DE # 35 at 1-26.) Defendant also made a comprehensive argument that the alleged defamatory statements in the newspaper's editorial pieces constituted "non-actionable opinion." (*Id.* at 3, 26-32.) In addition, defendant also argued that "the fair report privilege" barred plaintiff's claims, and that there was no genuine issue of material fact regarding plaintiff's invasion of privacy claims. (DE # 35 at 32-33.) Only then, after making these four preceding arguments, did defendant raise the Anti-SLAPP Act as a defense. (*Id.* at 34.) And defendant did so in summary fashion, spending only two paragraphs discussing the defense, and only three sentences arguing that it barred plaintiff's claims. (*Id.* at 34.) Indeed, it appears that defendant only raised the Anti-SLAPP Act in order to demand attorney's fees and costs. (*See id.* at 34-35.) Defendant then followed its discussion of the Anti-SLAPP Act by making an alternative argument for partial summary judgment. (*Id.* at 35-36.)

5

Thus, defendant's primary summary judgment arguments were that the actual malice standard applied to plaintiff's claims, that plaintiff had no evidence that defendant had acted with actual malice, and that the editorial pieces were non-actionable opinion.  And these primary arguments succeeded – the court granted summary judgment solely on these grounds. *See Filippo*, 485 F. Supp. 2d at 974-81; (DE # 65 at 9-25.) Thus, defendant did not win summary judgment via the defense provided by Anti-SLAPP Act.

In such circumstances, this court believes defendant cannot recoup attorney's fees and costs under the Anti-SLAPP Act, because only "[a] prevailing defendant on a motion to dismiss made under [the Anti-SLAPP Act] is entitled to recover reasonable attorney's fees and costs." IND. CODE § 34-7-7-7. And, as stated above, defendant did not prevail on a motion to dismiss under the Anti-SLAPP Act.  He prevailed on a motion for summary judgment based on plaintiff's inability to show actual malice. (*See* DE # 35 at 1-26; DE # 65.) Therefore, based on the plain language of § 34-7-7-7 of the Anti-SLAPP Act, the court holds defendant cannot recoup fees under that statute.

Indiana case law applying this portion of the Anti-SLAPP Act supports this conclusion. Specifically, in the two published cases where Indiana courts have awarded damages under § 34-7-7-7 of the Anti-SLAPP Act, both defendants successfully moved for summary judgment relying on the Anti-SLAPP Act's defense. *See Shepard v. Schurz Comm., Inc.*, 847 N.E. 2d 219, 223 (Ind. Ct. App. 2006) ("[t]he trial court granted [the defendant] summary judgment pursuant to the anti-SLAPP statute"); *Poulard*, 793

N.E.2d at 1122 ("defendants moved for summary judgment pursuant to IND. CODE § 34-7-7-5 (the 'anti-SLAPP' statute) and their motions were granted"). That is not the case here. Defendant's motion for summary judgment was devoted to other, ultimately successful, arguments. The Anti-SLAPP defense was a lightly briefed afterthought, and thus this court did not base its summary judgment decision upon it. Because defendant did not prevail on summary judgment under the Anti-SLAPP Act, it cannot rely on that statute to recoup attorney's fees and costs.

### III. CONCLUSION

Defendant's request for attorney's fees and costs under the Indiana Anti-SLAPP Act (DE #67, 70) is hereby **DENIED**. Pursuant to the court's granting of summary judgment (DE # 65), the clerk is directed to **ENTER FINAL JUDGMENT** stating:

> Judgment is entered in favor of defendant Lee Publications, Inc. and against plaintiff Lita Filippo, who shall take nothing by way of her complaint.

The clerk shall thereafter treat this action as **TERMINATED**.

              **SO ORDERED.**

  **ENTER:** September 24, 2007

              s/James T. Moody
              JUDGE JAMES T. MOODY
              UNITED STATES DISTRICT COURT